**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

AXXELL SMITH                                             CIVIL ACTION

versus

                                                         23-cv-461-SDD-RLB

RENE THIBODEAUX, ET AL.

## RULING

This matter comes before the Court on the *Motion to Dismiss*[1] filed by Defendants Assistant Warden Penny Collie ("Warden Collie"), Sheriff Rene Thibodeaux ("Sheriff Thibodeaux"), Deputy Gary Stewart ("Deputy Stewart"), and Warden Brent Plauche ("Warden Plauche"), in their individual and official capacities, (collectively, the "Defendants"). Plaintiff, Axxell Smith ("Plaintiff" or "Smith") filed an *Opposition*[2] to which the Defendants filed a *Reply*.[3] For the reasons that follow, Defendants' Motion will be granted.

## I.    FACTS AND PROCEDURAL BACKGROUND

The following facts are alleged in Plaintiff's Complaint: Since 2022, Plaintiff has been incarcerated in Pointe Coupee Parish Prison.[4] On or about June 7, 2023, Plaintiff was transported from the Pointe Coupee Parish Prison to the Pointe Coupee Parish Courthouse.[5] Plaintiff was in hand, foot, and leg cuffs.[6] When leaving the courthouse, Plaintiff was "escorted" down a flight of stairs by Deputy Stewart.[7] But, Plaintiff claims because of the cuffs, he fell down the stairs "without. . .being able to cushion or soften

---

[1] Rec. Doc. 11.
[2] Rec. Doc. 22.
[3] Rec. Doc. 24.
[4] Rec. Doc. 1, p. 4.
[5] *Id.*
[6] *Id.*
[7] *Id.*

said fall."[8] Plaintiff was "seriously injured" but was not immediately taken to either a hospital or the Prison Infirmary.[9] Instead, he was taken back to the prison and placed in a cell without medical treatment.[10] Deputy Stewart took pictures of Plaintiff's injuries after the fall and showed the photos to Warden Collie.[11] "Later, after pleading with numerous Pointe Coupee Parish Prison employees," Plaintiff was allowed to receive medical treatment from the Infirmary.[12] On or about June 9, 2023, Plaintiff was taken to New Roads General Hospital for treatment.[13] "[O]n numerous occasions," he requested his medical records and any other documentation relating to the fall that was in the Sheriff's Office's possession.[14] But, he was refused these records and documents.[15]

Plaintiff claims the denial of immediate medical treatment "may have present and future harmful effects" on Plaintiff's healing.[16] Plaintiff now seeks relief contending that Sheriff Thibodeaux's employees violated his Federal and State Constitutional rights, and he sues the Defendants in their individual and official capacities.[17] Plaintiff asserts that the Defendants acted in concert and conspiracy, with one another and individually, to injure him and deny Plaintiff's civil rights pursuant to the Fourth, Fifth, and Fourteenth Amendments.[18] He also asserts that the Defendants were deliberately indifferent to his medical needs.[19] Additionally, Plaintiff claims Sheriff Thibodeaux, Warden Plauche, and

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at p. 5.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.* at p. 4.
[19] *Id.* at p. 1.

Warden Collie are liable for failing to supervise, maintain, and ensure proper standards for treatment of inmates.[20] Plaintiff further claims Sheriff Thibodeaux is liable for inadequate screening, training, and/or monitoring the Sheriff's Office deputies and employees' conduct.[21] Finally, Plaintiff asserts Sheriff Thibodeaux, Warden Collie, and Warden Plauche are vicariously liable for the acts of the prison employees and deputies.[22] The Defendants move to dismiss all claims.

## II.    LAW AND ANALYSIS

### A.  Preliminary Matters

Defendants move to dismiss, *inter alia*, the following claims: 1) 42 U.S.C. § 1983 claim for failure to institute, maintain, and supervise proper standards against Sheriff Thibodeaux in his official capacity; 2) 42 U.S.C. § 1983 claims for failure to ensure proper standards against Warden Collie and Warden Plaque in their official capacities; 3) 42 U.S.C. § 1983 claim for inadequate screening, training, and monitoring against Sheriff Thibodeaux in his official capacity; 4) 42 U.S.C. § 1983 claims for failure to train or supervise in Sheriff Thibodeaux's, Warden Plaque's, and Warden Collie's individual capacities; 5) Fourth Amendment and Fifth Amendment claims; and 6) state law negligence and failure to supervise claims.

Although, Plaintiff filed a memorandum in opposition, Plaintiff failed to oppose the dismissal of the referenced claims. This Court has held on numerous occasions that the "failure to brief an argument in the district court waives that argument in that court,"[23] and

---

[20] *Id.* at pp. 5–6.
[21] *Id.* at p. 6.
[22] *Id.* at pp. 2–3.
[23] *Williams v. Louisiana State Univ.*, 2022 WL 17330106, at *6 (M.D. La. Nov. 29, 2022), *appeal dismissed sub nom.*, *Williams v. Palermo*, 2023 WL 4231618 (5th Cir. Feb. 13, 2023) (citations omitted).

the "failure to oppose the substance of an argument is a waiver and dismissal is proper on these grounds alone."[24] Accordingly, pursuant to Middle District Local Rule 7(f) and applicable jurisprudence, these claims are deemed abandoned, and shall be dismissed with prejudice.[25]

Plaintiff also asserts two new causes of action in his Opposition—intentional infliction of emotional distress and negligent infliction of emotional distress.[26] A party cannot amend pleading through opposition memoranda. The law is well-settled that arguments in a brief are not a substitute for properly pleaded allegations: "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss."[27] Because these claims were not included in the Complaint, they are not properly before this Court and will not be considered.[28]

### B.  Rule 12(b)(6) Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[29] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[30] "To

---

[24] *JMF Med., LLC v. Team Health, LLC*, 490 F. Supp. 3d 947, 981 (M.D. La. 2020) (citing *Bourgeois v. Walmart Inc.*, 2020 WL 1161928, at *3 (M.D. La. 2020)).

[25] The Court also notes that the Court granted Plaintiff's Motion for Leave to file an Out of Time Opposition, but Plaintiff still nonetheless failed to address many of his claims in his Opposition. Rec. Docs. 20 and 21.

[26] Rec. Doc. 22-1, p. 7.

[27] *Becnel v. St. Charles Par. Sheriff's Off.*, 2015 WL 5665060, at *1 n.3 (E.D. La. Sept. 24, 2015) (internal brackets omitted) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.,* 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011). Because a Rule 12(b)(6) motion tasks the Court with "assess[ing] the legal sufficiency of the complaint," the Court does not consider allegations that appear for the first time in plaintiffs' briefing. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012).

[28] *LeBlanc v. DISA Glob. Sols., Inc.,* 2020 WL 8363123, at *5 (M.D. La. Feb. 19, 2020).

[29] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

[30] *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[31]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[32] A complaint is also insufficient if it merely "tenders 'naked assertions' devoid of 'further factual enhancement.'"[33] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[34] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[35] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[36] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[37]

## C. Section 1983 Generally

The Civil Rights Act of 1964, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law.[38] It

---

[31] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
[32] *Twombly*, 550 U.S. at 555 (2007) (internal citations and brackets omitted).
[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and brackets omitted).
[34] *Id*.
[35] *Id*.
[36] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099, at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[37] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[38] *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981).

provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .[39]

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[40]

To prevail on a § 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[41] A § 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[42]

### 1. § 1983 Conspiracy

Plaintiff brings a conspiracy claim against Defendants. To establish a conspiracy claim under § 1983, Plaintiff must show that there was an agreement among Defendants to deprive him of his constitutional rights and that such an alleged deprivation actually occurred.[43] Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983.[44] Although the Court accepts well-pleaded facts as true and views them in the

---

[39] 42 U.S.C. § 1983.

[40] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *accord Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta,* 73 F.3d 60, 63 (5th Cir. 1996); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir. 1985).

[41] *See Blessing v. Freestone*, 520 U.S. 329, 340 (1997); *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984).

[42] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir. 1986).

[43] *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Est. of Farrar v. Cain*, 941 F.2d 1311, 1313 (5th Cir. 1991).

[44] *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023–24 (5th Cir. 1982).

light most favorable to the plaintiff, a complaint "that offers labels and conclusions" or "naked assertions devoid of further factual enhancement" is not plausible for purposes of Rule 12(b)(6).[45] Therefore, to establish his conspiracy claim, Plaintiff must plead specific, nonconclusory facts that establish that there was an agreement among Defendants to violate his federal civil rights.[46]

Defendants move to dismiss Plaintiff's conspiracy claim because he failed to plead more than conclusory allegations and even if facts were properly plead, Defendants are protected by the intra-corporate conspiracy doctrine.[47] Plaintiff counters that there are exceptions to this doctrine when employees act outside the scope of their employment. Moreover, he argues Defendants have failed to show any Fifth Circuit precedent applying this doctrine when employees and/or deputies are sued in their individual capacities.[48]

As Defendants correctly point out, Plaintiff cannot state a claim for conspiracy because, as a matter of law, a conspiracy requires two or more persons or entities. Pursuant to the intra-corporate conspiracy doctrine, "a corporation cannot conspire with itself through its agents or employees when the acts of the agents or employees are within the scope of their employment."[49] "The intracorporate conspiracy doctrine is equally applicable to governmental entities,"[50] including police departments.[51] This doctrine

---

[45] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (internal quotation marks and brackets omitted) (quoting *Iqbal,* 556 U.S. at 678 (2009)).

[46] *See Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) ("Allegations that are merely conclusory, without reference to specific facts, will not suffice" to establish a § 1983 conspiracy claim).

[47] Rec. Doc. 11-1, pp. 4–5.

[48] Rec. Doc. 22-1, pp. 4–5.

[49] *Thomas v. Gulotta*, 2017 WL 379449, at *10 (M.D. La. Jan. 26, 2017) (citing *Boyd v. Calcasieu Par. Sheriff's Office*, 2013 WL 1857448, at *5 (W.D. La. May 2, 2013) (then citing *Suttles v. U.S. Postal Serv.*, 927 F. Supp. 990, 1002 (S.D. Tex. 1996))).

[50] *Id.* (citing *Suttles*, 927 F.Supp. at 1002 (quoting *Larson v. Miller*, 76 F.3d 1446, 1456 n. 6 (8th Cir. 1996)).

[51] *Id.* (citing *LaFleur v. McClelland,* 2013 WL 5148181, at *2 (S.D. Tex. Sept. 11, 2013); *see also Swilley v. City of Houston*, 457 Fed.Appx. 400, 404 (5th Cir. 2012) (affirming dismissal of 42 U.S.C. § 1983 conspiracy claim because Chief of Police and City of Houston is a "single legal entity").

squarely applies. Plaintiff relies on *Nelson Radio & Supply Co. v. Motorola, Inc.* to support his argument that employees acting outside the scope of their employment creates an exception to the doctrine.[52] However, Plaintiff's application of *Nelson Radio* falls short. Plaintiff argues Deputy Stewart and Warden Collie were acting outside of their employment when Stewart took pictures of Plaintiff's injury on his cell phone and then showed it to Collie. In the Court's view, such an action is manifestly within the scope of their employment. Moreover, Defendants point the Court to *Angelle v. Town of Duson*, in which the Western District of Louisiana held that the intra-corporate doctrine applies to employees of a police department even when they are sued in their individual capacities.[53] The Court is persuaded by the Western District's holding. Accordingly, the Motion will be granted with respect to Plaintiff's conspiracy claims and they are dismissed without prejudice.[54]

### D. Qualified Immunity – Individual Capacity Claims

Plaintiff sues Defendants in their individual capacities for deliberate medical indifference. Defendants assert the qualified immunity defense.[55]

The doctrine of qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."[56] In striking this balance, qualified immunity shields "government officials

---

[52] 200 F.2d 911, 914 (5th Cir. 1952); Rec. Doc. 22-1, p. 4.

[53] 2018 WL 4649788, at *9 (W.D. La. Aug. 7, 2018), (citing *Collins v. Bauer*, 2012 WL 443010, *8 (N.D. Tex. 2012), *report and recommendation adopted*, 2018 WL 4624114 (W.D. La. Sept. 26, 2018)

[54] "[T]he Federal Rules of Civil Procedure provide that 'leave to amend shall be freely given when justice so requires.' Moreover, 'courts should ordinarily grant a plaintiff **at least one** opportunity to amend before dismissing a complaint with prejudice for failure to state a claim.'" *Mocsary v. Ard*, 2018 WL 4608485, at *13 (M.D. La. Sept. 25, 2018) (internal citations omitted).

[55] Rec. Doc. 11-1, p. 14.

[56] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

performing discretionary functions" from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[57]

When a public official asserts the defense of qualified immunity, the plaintiff has the burden of establishing a constitutional violation and overcoming the defense.[58] To meet this burden, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct."[59] The court has discretion to decide these prongs in any order.[60]

At the 12(b)(6) stage, the court must determine whether, taking the alleged facts in the light most favorable to the plaintiff, the plaintiff has alleged that the defendant's conduct violated a constitutional right.[61] For the second step, "[f]or a right to be clearly established, 'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"[62] "In other words, existing precedent must have placed the statutory or constitutional question beyond debate."[63] If a plaintiff alleges that an official's conduct violated a clearly established right, the court must then determine "whether the official's conduct was objectively reasonable under the law at the time of the incident."[64]

[57] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.").
[58] *Jackson v. City of Hearne*, 959 F.3d 194, 201 (5th Cir. 2020) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)).
[59] *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (internal quotation marks omitted).
[60] *Jackson*, 959 F.3d at 200.
[61] *Morgan*, 659 F.3d at 384; *Lytle v. Bexar County*, 560 F.3d 404, 410 (5th Cir. 2009).
[62] *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (internal brackets omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).
[63] *Jackson*, 959 F.3d at 201 (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).
[64] *Michalik v. Hermann*, 422 F.3d 252, 258 (5th Cir. 2005); *see also Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001).

An official's conduct is not objectively unreasonable "unless all reasonable officials in the [official's] circumstances would have then known that the [official's] conduct violated the plaintiff's rights."[65] When denying qualified immunity, a court must point to "controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity."[66] Precedent existing at the time of the challenged conduct "must have placed the statutory or constitutional question beyond debate."[67]

When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.'"[68] The plaintiff must "assert facts which, if true, would overcome the defense of qualified immunity."[69] A plaintiff seeking to overcome qualified immunity "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[70]

### 1. Deliberate Indifference to Medical Needs

To establish liability in connection with a claim for deliberate medical indifference, a prisoner-plaintiff must be able to show that appropriate medical care has been denied or delayed and that the denial or delay constitutes "deliberate indifference to serious medical needs."[71] "Deliberate indifference is an extremely high standard to meet."[72] It

---

[65] *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015).
[66] *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013).
[67] *al-Kidd*, 563 U.S. at 741.
[68] *McClendon*, 305 F.3d at 323 (emphasis in original) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)).
[69] *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014).
[70] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).
[71] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985).
[72] *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001).

requires (1) that the inmate faces a substantial risk of serious bodily harm, and (2) failure

to take reasonable measures to abate the risk.[73] In the context of medical care, this may

be met by showing that the Defendants "refused to treat him, ignored his complaints,

intentionally treated him incorrectly," or engaged in any similar conduct that would clearly

evince "a wanton disregard for any serious medical needs."[74] Further, Plaintiff must

establish that Defendants possessed a culpable state of mind.[75] For a prison official to be

held liable, "the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the

inference."[76] "[M]ere negligence, neglect or medical malpractice" does not constitute

deliberate indifference.[77] Even "gross negligence" does not establish deliberate

indifference. Rather, "subjective recklessness as used in the criminal law" is the

appropriate standard for "deliberate indifference" under the Eighth Amendment.[78] "The

mere delay of medical care can also constitute an Eighth Amendment violation but only

'if there has been deliberate indifference that results in substantial harm.'"[79]

Per the Complaint, Plaintiff was "seriously injured" on June 7, 2023, but was

immediately returned to his cell without medical treatment.[80] He alleges Deputy Stewart

took pictures of his injuries and showed them to Warden Collie. He was "finally allowed

to seek medical treatment" "[l]ater after pleading with numerous Pointe Coupee Parish

---

[73] *Taylor v. Stevens*, 946 F.3d 211, 221 (5th Cir. 2019) (citing *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019)).
[74] *Id.* at 226 (citing *Arenas*, 922 F.3d at 621).
[75] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).
[76] *Id.* at 837.
[77] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (quoting *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)).
[78] *Farmer*, 511 U.S. at 839–40.
[79] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal brackets omitted) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).
[80] Rec. Doc. 1, p. 4.

Prison employees."[81] He was then treated at the Infirmary and on June 9th was transported to the hospital for treatment.[82]

Viewing the facts in the light most favorable to Plaintiff, the Court finds Plaintiff has sufficiently plead facts to show that he was seriously injured and faced a risk of serious bodily harm. However, Plaintiff's claim nonetheless fails because he has not plead facts that would show Defendants failed to take reasonable steps to abate this risk. Plaintiff frames his argument as a question, stating, "after viewing said pictures, why did neither Deputy Stewart nor Assistant Warden Collie have the Plaintiff transported to medical? The answer is because the Defendants[sic] were deliberately indifferent to Plaintiff's injuries."[83] Not only is this argument missing steps in the analysis, but it is undermined by Plaintiff's allegation that he received medical treatment "later."[84] Plaintiff seems to argue that he was denied medical treatment, but he alleges in the Complaint, at most, a delay in medical treatment. Moreover, Plaintiff does not define "later" in the Complaint and fails to allege facts as to Deputy Stewart's, Warden Collie's, or any employees' state of mind. Without more specific factual allegations, the Court finds that Plaintiff has not stated a claim for deliberate medical indifference.

Plaintiff ostensibly acknowledges the insufficiency of his pleadings in arguing that his "burden. . .to investigate the facts giving rise to his constitutional claims"[85] is impeded by Defendants' Motion to Stay Discovery[86] and the fact that Defendants, as members of law enforcement, are in a "better position to access such facts. . .that would verify

---

[81] *Id.* at p. 5.
[82] *Id.*
[83] Rec. Doc. 22-1, p. 9.
[84] Rec. Doc. 1, p. 5.
[85] Rec. Doc. 22-1, p. 6.
[86] Rec. Doc. 12. This Court granted the motion to stay discovery pending resolution of this Motion to Dismiss. Rec. Doc. 26.

Plaintiff's injuries and said Defendants' tortious conduct. . . ."[87] However, no plaintiff is permitted to use the discovery process as a fishing expedition in the hopes of uncovering actionable conduct. Indeed, the Supreme Court has held that, although Rule 8 no longer requires hyper-technical pleading, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[88] Thus, a "[p]laintiff cannot engage in discovery in an attempt to obtain facts that support a currently baseless claim."[89] "Discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the Plaintiff must have some basis in fact for the action."[90] "The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, **not to find out if it has any basis for a claim**."[91] Accordingly, Defendants' Motion with respect to Plaintiff's deliberate medical indifference claim will be granted, without prejudice.

### 2. Punitive Damages

Plaintiff seeks punitive damages in this case.[92] Punitive damages may be awarded under § 1983 when a "defendant's conduct. . .involves reckless or callous indifference to the federally protected rights of others."[93] Stated another way, under § 1983, punitive damages are discretionary and "may be awarded only if the official conduct is motivated

---

[87] Rec. Doc. 22-1, p. 7.
[88] *Iqbal*, 556 U.S. at 678–79.
[89] *Lee v. Ard*, 2017 WL 5349493, at *6 (M.D. La. Nov. 13, 2017) (internal quotation marks omitted).
[90] *Russell v. Choicepoint Servs., Inc.*, 302 F.Supp. 2d 654, 671 (E.D. La. 2004) (quoting *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll.*, 103 F.3d 294, 299 (3d Cir. 1996).
[91] *Id.* (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) (emphasis added) (citing *Netto v. Amtrak*, 863 F.2d 1210, 1216 (5th Cir.1989)) (internal quotation marks omitted) (emphasis added)).
[92] Rec. Doc. 1, p. 7.
[93] *Smith v. Wade*, 461 U.S. 30, 56 (1983).

by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights."[94]

Defendants move to dismiss this claim arguing Plaintiff has failed to allege sufficient facts to demonstrate Defendants' actions were due to reckless or intentional disregard for Plaintiff's constitutional rights.[95] The Court agrees. Based on the allegations and analysis discussed above regarding Plaintiff's conspiracy and deliberate medical indifference claims, the Court finds that Plaintiff has failed to sufficiently plead punitive damages against Defendants. The Court also agrees with Defendants that, to the extent Plaintiff seeks punitive damages against a municipal defendant, such a claim is foreclosed by long-standing jurisprudence.[96]

### E.  Official Capacity Claims – *Monell* Liability

A municipality may be subject to liability under § 1983 when the municipality maintains an unconstitutional policy or custom.[97] To state a claim against a municipal defendant for an alleged unconstitutional policy or practice, Plaintiff must allege that "(1) an official policy (2) promulgated by a municipal policymaker (3) was the moving force behind the violation of a constitutional right."[98]

An "official policy or custom" giving rise to *Monell* liability may be "a persistent, widespread practice which, although not officially promulgated, is so common and well settled as to constitute a custom that fairly represents municipal policy."[99] However, "a

---

[94] *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994) (internal quotations omitted).
[95] Rec. Doc. 11-1, p. 23.
[96]  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Mitchell v. City of New Orleans*, 184 F. Supp. 3d 360, 378 (E.D. La. 2016); *Pemberton v. West Feliciana Par. Schl. Bd.*, 2010 WL 431572, at *7 (M.D. La. Feb. 3, 2010).
[97] *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).
[98] *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017) (internal citations omitted).
[99] *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997) (internal quotation omitted).

plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."[100] To plausibly plead "a practice 'so persistent and widespread as to practically have the force of law,' a plaintiff must do more than describe the incident that gave rise to his injury."[101] Critically, in the absence of an underlying constitutional violation, there can be no municipal liability under *Monell*.[102]

    1.    <u>Failure to Supervise</u>

A *Monell* claim may be based on a municipality's alleged failure to train, supervise, or discipline employees.[103] To state a claim for failing to supervise an employee, the plaintiff must allege "(1) that the municipality's training, supervisory, or disciplinary policies or practices were inadequate, (2) that the municipality was deliberately indifferent in adopting [these] deficient polic[ies], and (3) that the inadequate training, supervisory, or disciplinary polic[ies] directly caused the violations in question."[104]

"Deliberate indifference" can be demonstrated in two ways: "[f]irst and most often, deliberate indifference generally requires notice of a pattern of similar violations at the time the plaintiff's own rights were violated . . . .Second, we have noted that in narrow circumstances, when a constitutional violation results as the highly predictable

---

[100] *Pudas v. St. Tammany Parish*, 2019 WL 2410939, at *3 (E.D. La. June 7, 2019) (internal brackets omitted) (quoting *Colle v. Brazos County*, 981 F.2d 237, 245 (5th Cir. 1993)).

[101] *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (internal citations omitted) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

[102] *See Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020) (noting that because there was no constitutional violation, there can be no *Monell* claims); *Brown v. Wilkinson Cnty. Sheriff Dep't*, 742 F. App'x 883, 884 (5th Cir. 2018) (holding that because the plaintiff failed to demonstrate an underlying constitutional violation, the claims against the county and the officers in their official capacities failed); *Harris v. Serpas*, 745 F.3d 767, 774 (5th Cir. 2014) (upholding the district court's dismissal of the *Monell* claim because the plaintiffs had not shown there was a constitutional violation).

[103] *Peña*, 879 F.3d at 623.

[104] *Hankins v. Wheeler*, 2022 WL 2208848, at *7 (E.D. La. June 21, 2022) (citing *Ratliff v. Aransas County*, 948 F.3d 281, 285 (5th Cir. 2020)).

consequence" of a municipality's failure to properly hire, train, supervise, or discipline, "the failure. . .can amount to deliberate indifference."[105]

As to the first method of showing deliberate indifference, the Fifth Circuit has held that "[p]roof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference."[106] Regarding the second method, the plaintiff must allege that the "highly predictable consequence of not supervising [the employees] was that they would" commit the specific constitutional violation alleged.[107] "An injury is 'highly predictable' where the municipality 'fails to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face.'"[108] Similarly, to establish liability for failure to supervise, it "must have been obvious that the highly predictable consequence of not supervising [the employees] was that they would" commit the specific constitutional violation alleged.[109]

Here, Plaintiff pleads Sheriff Thibodeaux's, Warden Plauche's, and Warden Collie's failure to supervise violated his Federal rights.[110] Defendants move to dismiss Plaintiff's claim because it is inappropriately grounded in the theory of *respondeat superior*, and Plaintiff fails to identify a policy that caused any alleged constitutional violation.[111]

---

[105] *Robles v. Ciarletta*, 797 F. App'x 821, 833–34 (5th Cir. 2019).
[106] *Livezey v. City of Malakoff*, 657 F. App'x 274, 278 (5th Cir. 2016) (internal quotation and citation omitted).
[107] *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009) (internal quotations omitted).
[108] *Hankins*, 2022 WL 2208848, at *7 (internal brackets omitted) (quoting *Hutcheson v. Dallas County*, 994 F.3d 477, 482–83 (5th Cir. 2021)).
[109] *Peterson*, 588 F.3d at 850 (internal quotations omitted).
[110] Rec. Doc. 1, p. 6.
[111] Rec. Doc. 11-1, p. 13.

The Court finds that Plaintiff's official capacity claims must be dismissed. Plaintiff fails to identify a policy, explain specifically how any supervision was defective, and fails to allege any constitutional violation. Instead, Plaintiff concedes § 1983 does not offer a theory of *respondeat superior*, but Defendants' alleged acts of denying him immediate medical treatment, Deputy Stewart photographing his injuries, and Deputy Stewart showing the pictures to Warden Collie, "invokes the State of Louisiana theory of *respondeat superior*."[112] Plaintiff then concludes "Defendants are liable in their official capacity."[113] This is either an argument based on a single conclusory statement that Defendants are liable under § 1983 in their official capacities, or an argument that is inapplicable to Section 1983 official capacity claims. Neither argument overcomes Defendants' 12(b)(6) motion. The *Monell* failure to supervise claims are dismissed without prejudice.[114]

### F. Vicarious Liability

Under Louisiana Civil Code art. 2320, "an employer is subject to vicarious liability for the tortious conduct of his employee, irrespective of his title, while acting within the course and scope of employment."[115] Governmental entities "do not enjoy special protection from vicarious liability under Louisiana law and are subject to *respondeat superior* like every other employer."[116] The Louisiana Supreme Court has "stated that an employee's conduct is generally within the course and scope of his employment if the conduct is of the character and nature that he is employed to perform, occurs substantially

---

[112] Rec. Doc. 22-1, p. 7.
[113] *Id.*
[114] *Moscary,* 2018 WL 4608485, at *13.
[115] *Brasseaux v. Town of Mamou*, 752 So. 2d 815, 821 (La. 2000).
[116] *Deville v. Marcantel*, 567 F.3d 156, 174 (5th Cir. 2009) (citing *Brasseaux*, 752 So. 2d at 821); *see also Bussey v. Dillard Dep't Stores, Inc.*, 984 So. 2d 781, 784 (La. App. 1 Cir. 2008) ("[V]icarious liability [under art. 2320] applies to law enforcement employers as well." (internal citations omitted)).

within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer."[117]

Plaintiff alleges that Sheriff Thibodeaux as an employer and Warden Collie and Warden Plaque as supervisors are vicariously liable for the actions of the prison employees.[118] But vicarious liability only applies to state law claims. Plaintiff's only state law claims have been dismissed with prejudice and thus the vicarious liability claims must also be dismissed with prejudice.

### G.  Request to Delay Ruling on Qualified Immunity Until Discovery

In his Opposition, Plaintiff requests that the Court delay ruling on the applicability of the qualified immunity defense until he has been given the opportunity to conduct meaningful discovery. "A court may also permit limited discovery and delay a ruling on qualified immunity 'if further factual development is necessary to ascertain the availability of that defense.'"[119] The qualified immunity defense is considered by a court when a constitutional violation has been plead. Here, Plaintiff has failed to plead that the Defendants violated any of his Constitutional or statutory rights. Therefore, the availability of qualified immunity is immaterial, making this request, at best, premature. Under these circumstances, permitting limited discovery would only result in "unlock[ing] the doors of discovery for a plaintiff armed with nothing more than conclusions."[120] Again, "[t]he

---

[117] *Brasseaux*, 752 So. 2d at 820 (internal citations omitted).
[118] Rec. Doc. 1, pp. 2–3.
[119] *See Rynearson v. United States*, 2013 WL 11309342, at *12 (W.D. Tex. Sept. 30, 2013), *aff'd*, 601 F. App'x 302 (5th Cir. 2015) (denying a request to permit limited discovery and delay a ruling on qualified immunity because the plaintiff failed to show that the defendants violated any of his constitutional rights) (quoting *Backe*, 691 F.3d at 648); *see also Wicks v. Miss. State Emp. Servs.,* 41 F.3d 991, 995 (5th Cir. 1995) (The Fifth Circuit explained where a party has asserted the defense of qualified immunity, a district court should rule on the motion to dismiss before any discovery when the plaintiff's complaint falls short of alleging facts that if proven would demonstrate violations of statutory constitutional rights. This demands "more than bald allegations and conclusionary statements.").
[120] *Iqbal*, 556 U.S. at 678–79.

discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."[121] This request is denied.

## III.    CONCLUSION

Accordingly, for the foregoing reasons, Defendants' Motion to Dismiss[122] is hereby **GRANTED.** Plaintiff's conspiracy claims, § 1983 individual capacity claims of deliberate medical indifference, and § 1983 official capacity claims of failure to supervise are hereby dismissed without prejudice. Following the Plaintiff's failure to oppose the dismissal of the § 1983 claim for failure to institute, maintain, and supervise proper standards against Sheriff Thibodeaux in his official capacity;  § 1983 claims for failure to ensure proper standards against Warden Collie and Warden Plaque in their official capacities; § 1983 claim for inadequate screening, training, and monitoring against Sheriff Thibodeaux in his official capacity;  § 1983 claims for failure to train or supervise in Sheriff Thibodeaux's, Warden Plaque's, and Warden Collie's individual capacities; the Fourth Amendment and Fifth Amendment claims; and the state law negligence and failure to supervise claims, these claims have been abandoned and are hereby dismissed with prejudice. Plaintiff will have twenty-one (21) days from the date of this *Ruling* to amend his Complaint to cure the deficiencies set forth above.

---

[121] *Russell*, 302 F. Supp. 2d 654, 671 (E.D. La. 2004) (quoting *Micro Motion, Inc.*, 894 F. 2d at 1327).
[122] Rec. Doc. 11.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on this _____ Day, March, 2024.


_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**